FILED

AUG 17 2010

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

MODESTO DIVISION

In re ) Case No. 08-92253-E-7
)
BENJAMIN SALAZAR, )
)
       Debtor(s). )
_____ )
)
SAVANT HOLSTEINS, a ) Adv. Pro. No. 08-9103
California Corporation, )
)
       Plaintiff(s), )
v. )
)
BENJAMIN SALAZAR, )
)
       Defendant(s). )
_____ )

**FINDINGS OF FACT AND CONCLUSIONS OF LAW
ON APPLICATION FOR ALLOWANCE OF ATTORNEY'S FEES AND COSTS**

Benjamin Salazar, the prevailing defendant, in the above-caption action filed a declaration of Robert L. Buchler for attorney's fees and costs as the prevailing party. Savant Holsteins filed an objection to the claim of attorney's fees and costs, asserting that the court awarded only costs, with a costs bill to be filed within 14 days of the May 21, 2010 trial. Savant objects that attorney's fees are not "cost" to be awarded a prevailing party.

///

**FINDINGS OF FACT**

1. Judgment was entered in favor of Defendant on July 2, 2010.

2. The Declaration of Robert Buchler re Attorney's Fees and Costs was filed on June 1, 2010.

3. The prayer in Plaintiff's complaint requests an award of attorney's fees from the Defendant. The Complaint does not include a cause of action for attorney's fees or allege a statutory or contractual basis for such an award.

4. The prayer in Defendant's answer requests an award of attorney's fees from the Plaintiff. The Answer does not include an affirmative claim for attorney's fees or allege a statutory or contractual basis for such an award.

5. The declaration requests an award of $13,826.00 in attorney's fees and $120 in costs for the Defendant.

**CONCLUSIONS OF LAW**

1. Rule 7054(b), Federal Rules of Bankruptcy Procedure provides that the court may allow costs to the prevailing party. Rule 7054(a) makes applicable Rule 74(a), (b), and (c), Federal Rules of Civil Procedure to adversary proceeding.

2. Rule 54(d), Federal Rules of Civil Procedure, which is not incorporated into the Federal Rules of Bankruptcy Procedure, provides for costs other than attorney's fees. Rule 54(d) requires that a request for attorney's fee be made by motion, unless the substantive law requires that the attorney's fees be proved at trial as an element of damages.

3. Local Rule 292, Eastern District Court Local Rules, incorporated in the Local Bankruptcy Rules of Eastern District

Bankruptcy Court, requires that a costs bill be filed within 14 days of entry of the judgment. The cost bill shall itemize the costs and shall be supported by a memorandum of costs and affidavit of counsel. Cost bill forms are available from the clerk of the court and the court website. Local Rule 292(f) specifies the items of cost which may be taxed, which items do not include attorney's fees.

4. Local Rule 293, Eastern District Court Local Rules, which are not incorporated into the Local Bankruptcy Rules, specifies a procedure for the award of attorney's fees. Fees are allowed pursuant to a motion filed not later than twenty-eight days after entry of judgment.

5. The prayer in Plaintiff's complaint requests an award of attorney's fees from the Defendant. The Complaint does not include a cause of action for attorney's fees or allege a statutory or contractual basis for such an award.

6. Under the "American Rule" attorney's fees are not ordinarily taxable as costs against the losing party, nor are they directly recovery as an element of damages. Hensley v. Eckerhart, 461 US 424 (1983), *Rutter Group Practice Guide, Federal Civil Trials and Evidence*, Chapter 19, §19:250. With limited exceptions not applicable to a nondischargeability action, attorney's fees may be recovered as costs pursuant to contract or statute. *Rutter Group Practice Guide, Federal Civil Trials and Evidence*, Chapter 19, §19:252 et. seq. and §19:300 et. seq.

7. The Defendant not showing a contractual or statutory basis for an award of attorney's fee, attorney's fees are not allowable in this case.

8. The $120.00 fee for service of process on Charles A. Savant, Jr. is a recoverable cost in this adversary proceeding.

**RULING**

The court shall enter an order allowing $120.00 in costs and disallowing the requested $13,826.00 in attorney's fees, and direct that the clerk of the court tax the costs of $120.00, which Defendant may enforce as part of his judgment in this case.

Dated:

Dated: August 16, 2010

By the Court

Ronald H. Sargis, Judge
United States Bankruptcy Court

4

This document does not constitute a certificate of service. The parties listed below will be served a separate copy of the attached document(s).

---

Randall Penner
1171 W Shaw Ave #102
Fresno, CA 93711

Robert Buchler
1024 J St #425
Modesto, CA 95354

Benjamin Salazar
1412 Houser Ln
Modesto, CA 95351

Gary Farrar
Chapter 7 Trustee
P.O. Box 576097
Modesto, CA 95357

Office of the U.S. Trustee
Robert T. Matsui United States
  Courthouse
501 I Street, Room 7-500
Sacramento, CA 95814